**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**BRUCE HINES**                                                  **CIVIL ACTION**

**VERSUS**                                                       **NO. 18-10234**

**JASON KENT AND**                                               **SECTION "B"(1)**
**ATTORNEY GENERAL STATE OF LOUISIANA**

<u>**ORDER AND REASONS**</u>

Before the Court are the Magistrate Judge's Report and Recommendation to dismiss petitioner Bruce Hines's request for habeas corpus relief (Rec. Doc. 17 at 1) and petitioner's objections to the Report and Recommendation. Rec. Doc. 18 at 1. For the reasons discussed below,

**IT IS ORDERED** that petitioner's objections are **OVERRULED** and the Report and Recommendation are **ADOPTED** as the Court's Opinion, dismissing the instant petition for habeas relief as time barred.

<u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

Bruce Hines ("petitioner") is an inmate currently incarcerated at Louisiana State Penitentiary in Angola, Louisiana. Rec. Doc. 18 at 4. On June 9, 2011, petitioner was convicted of two counts of armed robbery in the 21st Judicial District Court for Louisiana. Rec. Doc. 17 at 1. On August 18, 2011, petitioner was sentenced on each conviction to a concurrent term of fifty years imprisonment. *Id*. On June 8, 2012, the Louisiana First Circuit Court of Appeal affirmed his convictions and sentences. *Id*. Petitioner did not seek review of that judgment by the Louisiana Supreme Court. *Id*.

1

On July 2, 2013, petitioner, through counsel, filed an application for post-conviction relief with the state district court. *Id*. That application was denied on July 8, 2013. *Id*. On November 4, 2013, the Louisiana First Circuit Court of Appeal refused to consider petitioner's related writ application because it did not comply with the court's rules. *Id*. at 2. Subsequently, petitioner's counsel filed a new writ application in the Louisiana First Circuit Court of Appeal which was later denied on March 14, 2014. *Id*. at 2.

On June 9, 2014, petitioner, through counsel, filed a "Motion to Re-Urge Application for Post-Conviction Relief" with the state district court. *Id*. On March 16, 2015, the state district court denied relief. *Id*. Petitioner's related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on August 10, 2015, and by the Louisiana Supreme Court on October 10, 2016. *Id*. Petitioner's third application for post-conviction relief, filed on March 8, 2017, was denied on March 17, 2017. *Id*. This application was further denied by the Louisiana First Circuit Court of Appeal on July 10, 2017, and by the Louisiana Supreme Court on September 14, 2018. *Id*.

On October 22, 2018, petitioner filed the instant federal application pursuant to 28 U.S.C. § 2254. *Id*. at 3. The state filed its response arguing that the petitioner's application is untimely. *Id*. The Magistrate Judge recommended that the

application be denied on August 8, 2019. The petitioner objected on September 9, 2019.

**LAW AND ANALYSIS**

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") controls for purposes of this 28 U.S.C. § 2254 habeas corpus petition. *See Poree v. Collins*, 866 F.3d 235, 245 (5th Cir. 2017) ("Federal habeas proceedings are subject to the rules prescribed by the Antiterrorism and Effective Death Penalty Act . . ."); *see also Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)) (holding that AEDPA applies to habeas corpus petitions filed after the date the act went into effect).

There are three threshold requirements under AEDPA that a habeas corpus petition must meet: (1) the petition must be timely; (2) the petitioner must have exhausted state court remedies; and (3) the petitioner must not be in procedural default. *See* 28 U.S.C. § 2244(d); *see also Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 USC § 2254(b),(c)). Because the instant petition is untimely, it is unnecessary to address the exhaustion and procedural default requirements.

**Timeliness**

The AEDPA imposes a one-year statute of limitations for petitioners seeking relief under 28 U.S.C. § 2254. *See* 28 U.S.C.

3

2244(d)(1). Because petitioner's claim does not involve a state-created impediment or a newly recognized constitutional right, neither § 2244(d)(1)(B) nor (C) apply. Accordingly, the timeliness of the instant petition need only be considered under § 2244(d)(1)(A) and (D).

First, for a habeas corpus petition to be timely under § 2244(d)(1)(A), the AEDPA requires that it be filed within one year of the date that the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Accordingly, a conviction becomes final when the period for filing a notice of appeal expires and no appeal has been taken. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (holding that a conviction is final when the defendant does not timely proceed to the next available step in the state appeal process).

To be timely under § 2244(d)(1)(A), petitioner would have to have filed his federal petition within a year of his conviction having become final. Petitioner's conviction became final when the time in which he had to appeal expired and no appeal had been taken. Petitioner's June 9, 2011 conviction became final on July 9, 2012, so petitioner would have to have filed the instant petition within one year of July 9, 2012 to be considered timely.

However, petitioner did not file this petition until October 22, 2018. *See* Rec. Doc. 4-1 at 22. Accordingly, under this subsection the petition is time-barred.

Second, under § 2244(d)(1)(D), a petition must be brought within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "'[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize' that he should act." *United States v. Rodriguez*, 858 F.3d 960, 962 (5th Cir. 2017) (quoting *Johnson v. United States*, 544 U.S. 295, (2005)). While attorney abandonment may constitute factual predicate for a petitioner to proceed under § 2244(d)(1)(D), "[c]omplete inactivity in the face of no communication from counsel does not constitute diligence." See *id.* at 963.

The timing of petitioner's efforts is crucial to establishing the requisite diligence. See *id.* at 962 ("[t]he important thing is to identify a particular time when . . . diligence is in order.") (internal quotations omitted). When a petitioner alleges a failure of counsel to file an appeal, the length of time between the conviction and petitioner's subsequent efforts is determinative of whether the petitioner exercised diligence. *See id.* at 963-964 (holding that petitioner who waited fifteen months to inquire about his appeal status did not exercise reasonable diligence).

5

Consistent with *Rodriguez*, the Seventh Circuit has held that in the context of a petitioner alleging a failure of counsel to file an appeal, the relevant inquiry is "how long a duly diligent prisoner would take to discover that his lawyer had not filed a notice of appeal." *See Ryan v. United States*, 657 F.3d 604, 607 (7th Cir. 2011).

If the court were to apply § 2244(d)(1)(D), the instant petition still would not be timely. Under this subsection, the statute of limitations would have commenced on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2244(d)(1)(D).

Here, after three hundred fifty-seven (357) days elapsed, petitioner tolled his federal limitations period by filing a post-conviction application with the state district court on July 2, 2013. Rec. Doc. 17 at 5. After that application was denied, the petitioner sought review by the Louisiana First Circuit Court of Appeal. *Id*. That Court denied relief on March 14, 2014. *Id*. However, assuming that the petitioner's post-conviction application remained pending for AEDPA purposes until April 14, his federal limitations expired on April 22, 2014 unless petitioner was eligible for equitable tolling. *Id*. April 14, 2014 was the date on which petitioner's time expired for seeking further review

by the Louisiana Supreme Court. *Id*. Accordingly, this petition is time-barred.

## Actual Innocence

The one-year statute of limitations can be overcome by a showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."). To overcome the statute of limitations by actual innocence, a petitioner must "persuade[] the district court that in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *See id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Here, petitioner cannot overcome the statute of limitations because even though he asserted actual innocence in his objection, he did not present any "new evidence" as required by *Perkins*. Rec. Doc. 17 at 9.

## Tolling

The statute of limitations can be interrupted by either statutory tolling or equitable tolling. *See* 28 U.S.C. § 2244(d)(2) (setting forth the requirements for statutory tolling under the AEDPA); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (". . . we hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

Under the statutory tolling scheme provided for under the AEDPA, the running of the statute of limitations is interrupted during the period of time in which state post-conviction relief or collateral review is pending. *See* 28 U.S.C. § 2244(d)(2). For statutory tolling to apply, the interrupting action must be: (1) an application for state post-conviction or collateral review (2) with respect to the pertinent judgment or claim, (3) which was properly filed. *See id.* An application for state post-conviction or other collateral review that is filed after the statutory tolling period would have expired does not trigger statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application not filed until after the statute of limitations expired does not warrant tolling of the limitations period of § 2244(d)(2)).

Here, petitioner has not met the requirements to warrant statutory tolling because there was no application for post-conviction relief pending before the state courts during the time the statute of limitations was running under either §§ 2244(d)(1)(A) or (D).

A habeas corpus petitioner is entitled to equitable tolling of the statute of limitations only upon a showing that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Holland*, 560 U.S. at 649; *see also Pace v. DiGuglielmo*, 544 U.S.

408, 418 (2005). The burden of establishing these two elements rests on the petitioner seeking equitable tolling. *See Pace*, 544 U.S. at 418. Equitable tolling is warranted "only in rare and exceptional circumstances . . . where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights." *See Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (internal quotations omitted). Claims for equitable tolling based on grounds such as ignorance of the law, unfamiliarity with the legal process, illiteracy, or a lack of knowledge of filing deadlines do not warrant equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

Precedent for what constitutes extraordinary circumstances is well established through case law. In *Holland*, the Supreme Court held that equitable tolling would be warranted where an attorney ignored the client's repeated requests for information and to timely file a petition, over a period of years. *See Holland*, 560 U.S. at 652. Likewise, in *Wynn*, the court held that equitable tolling was warranted where the defendant was deceived by his attorney into believing a timely motion to vacate had been filed, when in fact, no such motion had been. *See United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002).

Here, petitioner has not met the requirements necessary to warrant equitable tolling of the statute of limitations.

Petitioner's federal petition suggests that the extraordinary circumstance which prevented petitioner's timely filing was that the Louisiana First Circuit Court of Appeal mailed notice of its judgment on direct appeal to the wrong mailing address of the petitioner's appellate counsel, Michael Thiel. Rec. Doc. 4 at 12-3. The petitioner alleges that he and Thiel did not become aware of the error and judgment until mid-December of 2012. Rec. Doc. 17 at 7. At this point, there were still seven months to seek both state post-conviction relief and federal habeas corpus relief in a timely manner if petitioner had acted with diligence and alacrity. Rec. Doc. *Id*.  Petitioner did not.

Petitioner's inaction is fatal because "equitable tolling will be denied if the petitioner failed to diligently pursue relief after ultimately learning of the necessary court disposition." Brian R. Means, Federal Habeas Manual § 9A:112 (2019); *accord Gutierrez v. Cockrell*. No. 01-41148, 2002 WL 1860554 (5th Cir. June 19, 2002) ("Equitable tolling is for parties who proceed with diligence and alacrity. Gutierrez's self-imposed delays in filing a state habeas application and a 28 U.S.C. § 2254 petition occurred after he had learned of the delay caused by [counsel's failure to notify him of a state court ruling in a timely manner]. Gutierrez did not act with diligence and alacrity." (citations and quotation marks omitted)).

Petitioner next alleges that equitable tolling is warranted because Thiel failed to file a proper writ application that corrected his previous errors. Rec. Doc. 17 at 7. This is false. The corrected application was considered and denied by the Louisiana First Circuit Court of Appeal on March 14, 2014. *Id*. at 8.

Petitioner further alleges that he is entitled to equitable tolling because he did not receive notice of the state district court's decision denying him relief. *Id*. The petitioner's new counsel, Peter John, filed a "Motion to Re-Urge Application for Post-Conviction Relief" on June 9, 2014, and the relief was denied on March 16, 2015. *Id*. The deadline for seeking this relief was April 22, 2014; therefore, any error regarding receipt of notice of the decision of March 16, 2015 occurred after the federal limitations period had already expired. *Id*. Equitable tolling is unavailable for an alleged "exceptional circumstance" that did not arise until after the federal limitations period expired. *See, e.g., Lookingbill v. Johnson*, 242 F. Supp 2d 424, 435 (S.D. Tex. 2000).

Lastly, petitioner argues that equitable tolling is warranted because John failed to provide him with copies of the transcripts so he could continue to seek post-conviction relief on his own. Rec. Doc. 17 at 8. However, because petitioner's federal limitations had already expired by the time John withdrew as

petitioner's counsel, any delays petitioner experienced thereafter would, again, not warrant equitable tolling. *Id*.

New Orleans, Louisiana this 2nd day of March, 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE